ROBIRTSON *v.* GULF & S. I. R. Co. *et al.*

(Division A. Jan. 7, 1935.)

[158 So. 350. No. 31472.]

T. J. White and Carl Marshall, both of Gulfport, for appellant.

630

Burch, Minor & McKay, of Memphis, Tennessee, and Gardner & Backstrom, of Gulfport, for appellees.

Argued orally by **Carl Marshall**, for appellant, and by **Oscar Backstrom**, for appellee.

**Cook, J.**, delivered the opinion of the court.

The appellant instituted this suit in the circuit court of Harrison county against the Gulf & Ship Island Rail-

road Company and the Illinois Central Railroad Company seeking to recover damages for personal injuries alleged to have been sustained by him on account of the negligence of the defendants in furnishing his employer, the Gulfport Creosoting Company, a defective flat car. The original declaration was amended, and thereafter demurrers of the defendants to the amended declaration were sustained. The appellant declined to further amend his declaration, and final judgment was rendered against him, from which this appeal was prosecuted.

The amended declaration charged, in substance, that the appellees are common carriers engaged in the transportation of freight and passengers for hire; that the Gulfport Creosoting Company owns and operates a plant for treating timber, which is located, near the main line of the railroad of the appellees, and is connected therewith by a spur track constructed by the appellees; that all of the rail shipments of the Creosoting Company's products moved initially over the appellees' railroad on freight cars furnished by them to the creosoting plant; that in moving its products from the treating tubes or cylinders to the storage yard where the same were assembled, stored, and stacked for ultimate shipment, it was necessary to use railroad cars; that on account of an excess of freight cars and a great deficiency of railroad freight traffic, it was necessary for the appellees, and other railroad enterprises, to stimulate the shipment of freight by aiding in the production of all commodities, including the products of the Gulfport Creosoting Company; that for this reason, and in order to assist the said Gulfport Creosoting Company in the production and ultimate and speedy shipment of its products, the appellees, in pursuance of a custom, agreement, and understanding with the said Creosoting Company, would deliver to it over said spur track flat cars in excess of the immediate requirements for shipments, and long prior to

loading for shipment; that these cars were delivered under an assurance that they had been properly inspected and were free from hidden defects, traps, and pitfalls, and were safe for use by the Creosoting Company, its employees, servants, and all persons lawfully thereon.

The declaration further charged that under the understanding, agreement, and custom between the appellees and the Creosoting Company, the cars so delivered were used by the Creosoting Company in intraplant movements of its products for the purpose of assembling, storing, and stacking them in its storage yard; that on May 4, 1932, the appellees delivered to the Creosoting Company's plant eight flat cars; that on May 10, 1932, in accordance with the understanding, custom, and agreement, and under assurances of proper inspection and safety, the Creosoting Company was using one of these flat cars within its plant, and on its tracks, in transferring creosoted poles from its treating cylinders to its storage yards, there to be unloaded and stored in assembled stacks or piles for ultimate shipment; that said flat car, when so delivered, contained rotten and decayed flooring; and that while unloading poles from said car the appellant, an employee of the Creosoting Company, stepped on the rotten and decayed flooring of said car and was injured as a result thereof. It was further charged that a proper inspection of the car would have revealed the hidden defect or trap, and that appellees were negligent in failing to properly inspect said car, and violated a duty owed by them to the Creosoting Company, its employees, and all persons who might lawfully be upon said flat car.

The separate demurrers of appellees challenged the sufficiency of the declaration upon the following grounds:

"1. The master, Gulfport Creosoting Company, alone, was under duty to furnish its servant, the plaintiff, a safe place in which to work;

"2. That, as shown by the amended declaration, at the time of the alleged injury, an independent efficient intervening cause, namely, the exclusive possession of and control over the alleged defective flat car, was then being exercised by the Gulfport Creosoting Company, a responsible human agency, which had broken the causal connection between the defect in the flat car and appellant's injury;

"3. That, as shown by the amended declaration, the Gulfport Creosoting Company had adopted said flat car as one of its own instrumentalities;

"4. That, as shown by the amended declaration, plaintiff was not an invitee of defendants on said flat car;

"5. That, as shown by the amended declaration, plaintiff was a mere licensee on the flat car in question;

"6. That the alleged 'agreement, understanding and custom' violated the Commerce Act of the United States and the statutes of this state against rebates and preferences; and

"7. That the amended declaration stated no cause of action."

The purpose for which the railroad car was being used at the time of appellant's injury was one incident solely to the business of the Creosoting Company. While the declaration charges that, on account of an excess of freight cars and a deficiency of freight traffic, it was necessary for the appellees to do everything possible to aid and assist the said Creosoting Company in the production and ultimate shipment of its products, it does not appear from the averments of the declaration that the particular use made of the car by the Creosoting Company, that is, its use in a strictly intraplant movement of its products for convenient storage for ultimate shipment, was in any way connected with, or in aid of, appellees' business of transporting such products at such future time as the business of the Creosoting Company

required. For its own purposes, in which the appellees are not shown to have had any business interest, the Creosoting Company had adopted the flat car as one of its own instrumentalities, and in such case we think the correct rule is stated in American Law Institute Restatement, Torts, vol. 2, section 388, reading as follows:

"One who supplies directly or through a third person a chattel for another to use, is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be in the vicinity of its probable use, for bodily harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

"(a) knows, or from facts known to him should realize, that the chattel is or is likely to be dangerous for the use for which it is supplied;

"(b) and has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition; and

"(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be so."

The declaration does not charge facts which bring the case within the rule of liability above stated. In support of his contention that the demurrers should have been overruled, the appellant relies strongly on the case of Mississippi Central R. R. Co. v. Lott, 118 Miss. 816, 80 So. 277, wherein it was held that the railroad company was liable to the servant of a lumber company, who was engaged in loading for immediate shipment a car that had been selected and spotted for that purpose by the railroad company. That case is not applicable to the facts alleged in the case at bar, but it comes directly under the principles announced in American Law Institute Restatement, Torts, vol. 2, sec. 392, which is to the effect that the supplier of a chattel to another to be used

for the supplier's business purposes is liable, if he' has failed to exercise reasonable care to make the chattel safe for the use for which it is supplied, or failed to exercise reasonable care to discover its dangerous character and condition and give warning of its dangerous condition. The only charge in the declaration that might possibly be construed as tending to show that the appellees had a business interest in the use of the flat car at the time of appellant's injury is the averment that it was delivered to the Creosoting Company to aid it in the production of its products and to facilitate the speedy loading and shipment of its products over said railroad line by aiding in the assembling and stacking and assorting of said material for ultimate loading and shipping. We think this charge, when taken in connection with all the averments of the declaration as to the business relations between the appellees and the Creosoting Company, is too indefinite and sets forth facts too remote to constitute a business interest on the part of the appellees in the mere intraplant movement of the Creosoting Company's products. The judgment of the court below will therefore be affirmed.

Affirmed.