Mrs. Bettye Jo JOHNSON, Individually and for and on behalf of her minor son, Joseph Richard Johnson, Appellants,

v.

Robert H. BUCKLEY, Emmett Boone, Bonnie Boone and Deaton Truck Lines, Inc., Appellees.

No. 19947.

United States Court of Appeals Fifth Circuit.

May 24, 1963.

---

Jess D. Ewing, Ross B. Clark, II, Memphis, Tenn., Francis T. Zachary, Hattiesburg, Miss., Rubert & Ewing, Memphis, Tenn., for appellants.

E. L. Snow, J. A. Covington, Meridian, Miss., M. M. Roberts, Hattiesburg, Miss., Snow, Covington, Shows & Watts, Roger B. Shows, Kenneth Watts, Meridian, Miss., for appellee Deaton Truck Lines, Inc.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

This is an appeal from a directed verdict in favor of the bailor for hire of a trailer, in an action for fatal injuries allegedly occurring by reason of a breach of duty by the bailor, Deaton Truck Lines, Inc., in furnishing the trailer to bailees, the Boones. The court below held that the bailor breached no duty to the appellant, a third party, and that the sole proximate cause of the accident was the negligent use of the trailer by the bailee.

Emmett and Bonnie Boone were in the trucking business in Hattiesburg, Mississippi. Appellee Deaton Truck Lines, Inc. of Birmingham, Alabama leased to the Boones the flat bed trailer involved here. An employee of the Boones drove a tractor to Birmingham, hooked up the trailer, and drove back to Mississippi. The trailer had been in the possession and use of the Boones and their employees for about eight days without incident when the accident complained of occurred.

Robert H. Buckley was the Boones' driver at the time of the accident. He had stopped at a truck stop for several hours and was pulling out onto the highway in the dark hours of the early morning when a hose supplying air to the trailer brakes became disconnected. This

automatically locked the brakes of the tractor-trailer unit while it was stretched across the highway. The brake mechanism was so designed that the brakes lock when the air supply line becomes disconnected, and it is undisputed that such an arrangement is a usual and proper safety device. While the unit was blocking the highway, the decedent, husband and father of appellants, collided with the trailer and was fatally injured. Appellant brought this action against the Boones, Buckley, and appellee Deaton Truck Lines, Inc. A compromise was reached as to the Boones and their driver and the action was dismissed as to them, leaving only the action against the bailor of the trailer, Deaton Truck Lines, Inc.

██ Appellant contends that, under Mississippi law, questions of proximate cause and negligence are always matters for the jury. Since Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the substantive law of the state in which the district court is sitting controls in diversity cases, but the quantity and quality of proof necessary to make out a case for submission to a jury in a federal court are determined by federal law. Revlon, Inc. v. Buchanan, 1959, 5 Cir., 271 F.2d 795, 81 A.L.R.2d 222. The facts in this case are not in dispute and the inferences to be drawn from them are such that reasonable men would not disagree as to them. The court below properly decided the question as one of law.

It is undisputed that the air hose became disconnected from the trailer when the "gladhand" coupler pulled apart. A brief description of the function of "gladhands" is necessary. Air is carried from the compressor on the tractor to the trailer brakes through rubber hoses, each hose being connected to the trailer by the mating of a pair of gladhands. There is a gladhand mounted on the trailer and one attached to the end of the hose attached to the tractor, and the connection is made by placing the gladhand on the end of that hose against the one affixed to the trailer in much the same manner as one clasps his two hands together. The gladhands are then rotated counter-clockwise against one another ninety degrees and the connection is made. The hose is disconnected by rotating one gladhand clockwise ninety degrees and lifting it away from the other gladhand.

It is undisputed that, when the gladhand attached to the trailer is adjusted in the horizontal position, a very sharp turn may tend to uncouple the connection if there is not sufficient slack in the hose. If the mounted gladhand is adjusted vertically, there is no such tendency, inasmuch as a twisting up or down, rather than sidewise, would tend to disconnect the joined gladhands. Maximum safety is obtained by adjusting the trailer gladhand vertically.

The gladhand attached to the trailer in question rested in the horizontal position when Boones' employee picked up the trailer. That employee, using the Boones' hose with gladhand attached, "hooked up" the connection. An experienced trucker, he knew that the gladhand on the trailer should be adjusted to the vertical position for maximum safety, but he did not do this. The gladhand could be readily rotated three hundred sixty degrees with an ordinary wrench.

██ From the undisputed facts it is clear that appellee Deaton Truck Lines, Inc. breached no duty to the third party involved in this unfortunate accident. It did not supply a defective article; a perfectly safe article was used by the bailee in an unsafe manner. The gladhand on the trailer was fully adjustable and in no manner defective. Proper adjustment of the gladhand at the time of "hook-up" was the responsibility and prerogative of the lessee-bailee user.

Assuming *arguendo* that, under Mississippi law, a bailor is liable to third persons for damages caused by defective articles entrusted to a bailee for hire, no one contends that the bailor is liable to third persons because the bailee uses a non-defective article in an unsafe manner. The argument made by appellants here is hardly more logical than would

be the contention that it would be a breach of duty to the public for one to furnish or to hire out to responsible parties for their own use a vehicle capable of exceeding a safe rate of speed.

■■ We think it sufficient to hold, therefore, that the trailer was not "defective" when leased to the Boones. But even if it be considered that the trailer was "defective" because appellee had not himself adjusted the gladhand to the vertical position, Robirtson v. Gulf & S. I. R. Co.[1] is controlling. The Mississippi Court there adopted the rule stated in the Restatement of the Law of Torts. It is clear from the undisputed facts in this case that, even if the condition of the trailer be considered "dangerous" or "de-fective," the Boones' driver was fully aware that the gladhand on the trailer should be adjusted so as to be perpendicular, rather than parallel, to the ground. Inasmuch as the Boones' employee realized that the gladhand was then adjusted horizontally, appellee was under no duty to inform him of that condition.

The only breaches of duty proximately causing this accident were those of the Boones and their employees. The evidence fails to disclose any such breach on the part of Deaton.

The judgment of the court below was right and it is

Affirmed.

[1]. 1935, 171 Miss. 628, 158 So. 350, 351–352:

"* * * we think the correct rule is stated in American Law Institute Restatement, Torts, vol. 2, § 388, reading as follows:

"'One who supplies directly or through a third person a chattel for another to use, is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be in the vicinity of its probable use, for bodily harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

"'(a) knows, or from facts known to him should realize, that the chattel is or is likely to be dangerous for the use for which it is supplied;

"'(b) and has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition; and

"'(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be so'."

Cf. Mississippi Central R. R. Co. v. Lott, 1918, 118 Miss. 816, 80 So. 277, distinguished in Robirtson.